O

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br><br>ARNOLD R. SALAS,<br><br>Defendants. | Case № 2:23-cr-00236-ODW-6<br><br>ORDER DENYING MOTION TO DISMISS 27th COUNT OF INDICTMENT CHARGING VIOLATION OF 18 U.S.C. 922(g)(1) |

## I.    INTRODUCTION

On May 12, 2023, The Grand Jury returned an indictment against Salas for, among other crimes, being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §922(g)(1). He then brought the instant motion as being in violation of his Second Amendment rights to keep and bear arms.  For the reasons set forth below, that motion is denied.

## II.    RELEVANT BACKGROUND.

On or about August 3, 2022, in Los Angeles County, within the Central District of California, defendant ARNOLD R. SALAS,  while accompanied by co-defendant

Ernesto Echeverria, met with a Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Confidential Informant ("CI") in a driveway outside of defendant's home and sold a 7.62 mm rifle to the CI.   Defendant Salas removed the rifle from the trunk of a vehicle and placed it in the CI's vehicle for which he was paid $1,200.

Salas is a convicted felon several times over.  For example, he had previously sustained the following felony convictions, two of which were for being a felon in possession of a firearm:

1.   Carjacking, in violation of California Penal Code Section 215(a), in the Superior Court of the State of California, County of Los Angeles, Case No. BA091187, on or about October 18, 1994;

2.   Evading an Officer, in violation of California Vehicle Code Section 2800.2, in the Superior Court of the State of California, County of Los Angeles, Case No. BA091187, on or about October 18, 1994;

3.   Felon in Possession of a Firearm, in violation of California Penal Code Section 12021(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case No. GA031050, on or about February 18, 1997;

4.   Possession of Controlled Substance, in violation of California Heath & Safety Code Section 11350(a), in the Superior Court of the State of California, County of Los Angeles, Case No. BA166126, on or about May 14, 1998;

5.   Possession for Sale of Controlled Substances, in violation of California Health & Safety Code Section 11351, in the Superior Court of the State of California, County of Los Angeles, Case No. BA299150, on or about March 22, 2006;

6.   Possession of Controlled Substance, in violation of California Health & Safety Code Section 11350(a), in the Superior Court of the State of California, County of Los Angeles, Case No. BA327365, on or about October 10, 2007;

7.   Threatening to Perform Act of Violence, in violation of 21 Oklahoma Statute Section 1378(a), in the Second Judicial District of the State of

Oklahoma, Beckham County, Case No. CF-2015-00198, on or about March 6, 2017; and

8.   Felon in Possession of a Firearm, in violation of 21 Oklahoma Statute Section 1283(a), in the Second Judicial District of the State of Oklahoma, Beckham County, Case No. CF-2015-00132, on or about March 6, 2017. (DE-1) Each of these offenses is a felony in that each is punishable by a term of imprisonment of at least one year.

The thrust of Salas' argument is the Second Amendment gives him and every other member of the public carte blanche to carry a firearm.  It does not.  One thing was made clear by the Supreme Court in *District of Columbia v. Heller* 544 U.S. 570 (2008).  That is, there has been a longstanding prohibition, for example, on the right of the mentally ill and felons from possessing firearms.

**A.   Salas is not within the class of the "people" whose right to carry a firearm is secured by the Second Amendment**

As the Court made clear in *New York State Rifle & Pistol Ass'n Inc. v. Bruen*, 142 S. Ct.2111 (2022) the regulation of certain classes of people has its roots in the Nation's historical tradition of firearm regulation.  (*Id*. at 2129-30.)  It is the analysis of this historical tradition which forms the correct framework to be applied once a court has determined that the challenged law falls within the Second Amendment's plain text.  There and here, there is no question that the conduct at issue falls within the plain meaning of the text of the second Amendment.  In *Bruen*, however, the government was unable to identify an American tradition which required "law abiding, responsible citizens" to secure a license to carry a firearm by demonstrating "a special need for self-protection distinguishable from that of the general community in order to carry arms in public." *Id.* ) quotation marks omitted).  Thus, New York's licensing law which required an applicant for a carry license to prove "proper cause exists" to obtain a license to carry a gun outside his home to be unconstitutional.  There, the petitioners were "ordinary, law abiding, adult citizens"

who sought to carry handguns publicly for self-defense and therefore their conduct fell within the "right to keep and bear arms." The burden then shifted to the government to identify an American tradition justifying the government's "proper cause" requirement.  The Court concluded that American governments have never "required law-abiding, responsible citizens to demonstrate a special need for self-protection in order to carry a firearm in public." (Id. at 2156.)

However, the *Bruen* Court reinforced the pronouncements made in both *Heller* and *McDonald* that the Second amendment belongs to "law abiding" citizens only. 142 S.Ct. at 2122.  ('[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons.'" (citing *Heller*, 554 U.S. at 626.)

*Heller* defined the right to bear arms as limited to "law abiding, responsible citizens" only.  See 554 U.S. at 635.  "Consistent with that definition, the Court cautioned that nothing in [its] opinion should be taken to cast doubt" on "longstanding prohibitions on the possession of firearms by felons." *Id*. at 626.  The Court described these "permissible"  measures as falling within the "exceptions" to the protected right to bear arms. *Id.* at 635.

Consistent with *Heller, McDonald,* and *Bruen*, the Ninth Circuit has rejected similar as-applied Second Amendment challenges to Section 922(g)(1).  In *United States v. Vongxay*, the Ninth Circuit held "that 922(g)(1) does not violate the Second Amendment as it applies to  . . . a convicted felon," because "felons are categorically different from the individuals who have a fundamental right to bear arms."  594 F.3d 1111, 1115, 1118 (9th Cir. 2010).  Under *Vongxay*, felons fall entirely outside the "class" that the Second amendment protects, and prohibiting their possession of weapons is "presumptively lawful."  *Id.* at 1115.  See also *United States v. Phillips*, 827 F.3d 1171, 1174-75 (9th Cir. 2016).

### III.   CONCLUSION

Salas having sustained eight felony convictions, two of those convictions being charged as being a felon in possession of a firearm.  He is clearly aware of his status and that he is a prohibited person.  He could not be categorized as a law abiding responsible citizen and as a result he has forfeited his rights under the Second Amendment.  For this reason, his motion to dismiss the 27th Count is DENIED.

**IT IS SO ORDERED.**

March 29, 2024

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**